IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| RELENTHIS BLAKLEY, | * | |
|     Plaintiff | * | DISTRICT JUDGE WILSON |
| | * | |
| versus | * | CASE NO. 4:07-CV-1064 |
| | * | |
| SCHLUMBERGER TECHNOLOGY | * | MAGISTRATE JUDGE DEERE |
| CORPORATION, | * | |
|     Defendant. | * | |

## PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Certain corporate documents of Defendant, Schlumberger Technology Corporation ("Schlumberger"), contain confidential, proprietary trade information, the disclosure of which could be harmful to Schlumberger's business and affect its competitiveness. Further, Schlumberger maintains numerous other records containing confidential information concerning its employees, the disclosure of which could be adverse to the employees. Additionally, Plaintiff's medical records contain confidential and personal information. However, some of the above-described records may contain information relevant to Plaintiff's claims and, thus, be discoverable. Accordingly, counsel for Schlumberger and counsel for Plaintiff herein stipulate and agree, subject to the Court's approval, that:

1. Either party may designate any documents containing confidential information related to business operations, finances, employees, or medical condition or treatment as "confidential records" at the time the records are produced. Any records so designated are subject to this Protective Order and Confidentiality Agreement. If a party does not designate a document as a confidential record at the time it is produced but subsequently notifies the other party that the document is a confidential record, the designated documents shall be subject to this Protective Order and Confidentiality Agreement at the time of notification.

2. The "confidential records" are to be considered confidential for purposes of this Order.

3. The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

4. The "confidential records" will be retained in the office of counsel except that counsel may remove the documents from the office for the time necessary for:

   A) Examination by experts or witnesses in this case who will testify about information on the confidential records;

   B) For use at the trial or deposition;

   C) For use as exhibits to any motion or brief filed with the Court.

5. Copying of the "confidential records" will be strictly limited to:

   A) Copies used as exhibits attached to depositions, motions, or other court filings;

   B) Necessary copies of the confidential records used as an exhibit at trial;

6. The parties shall not disclose the contents of the "confidential records." The parties shall allow individuals to view the "confidential records" only to the extent necessary to pursue the claims and defenses in this matter. Such individuals are limited to the parties' attorneys, members of the attorneys' firm involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the "confidential records" shall be advised that the "confidential records" are subject to a protective order and shall agree to be bound thereto.

7. Plaintiff understands that she is personally bound by this Protective Order. Plaintiff shall not discuss the contents of the "confidential records" with anyone other than her attorney or an expert or accountant specifically retained by her to provide advice or testimony in this litigation.

Nothing contained in this Order shall prevent the use of the "confidential records" or any part thereof, at the trial, subject to the Court's approval, or at deposition with the following safeguards.

1. If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

2. If used as an exhibit in a motion or at hearing, the parties shall jointly move to seal

that portion of the record to prevent disclosure to third parties.

At the conclusion of the litigation or within 30 days after the parties' rights to appeal or further appeal expire, counsel for the parties shall either destroy or return all "confidential records" produced during the course of litigation, as well as any photocopies of the "confidential records" that counsel for the parties may have made.

Any party may apply to the Court for a modification of this Order and nothing in this Order shall be deemed to prejudice their right to seek modification. The parties agree to make good faith efforts to comply with all terms of this Order.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

_____
OKON J. USORO
Okon J. Usoro, P. C.
12000 Westheimer Road
Suite 300
Houston, Texas 77077
Telephone: (281) 920-2000
Facsimile: (281) 920-2139
ojusoro@birch.mail

COUNSEL FOR PLAINTIFF,
RELENTHIS BLAKLEY

_____
SAMUEL ZURIK, III
RACHEL E. LINZY
The Kullman Firm
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile:  (504) 596-4114
sz@kullmanlaw.com
rel@kullmanlaw.com

COUNSEL FOR DEFENDANT,
SCHLUMBERGER TECHNOLOGY
CORPORATION