IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RELENTHIS BLAKELY**                                                                                               **PLAINTIFF**

v.                                              **4:07CV01064-WRW**

**SCHLUMBERGER TECHNOLOGY
CORPORATION**                                                                                                        **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion to Compel Discovery Responses and Overrule Objections (Doc. No. 36). Defendant has responded.[1] For the reasons set out below, Plaintiff's motion is GRANTED in PART and DENIED in PART.

**I.     BACKGROUND**

Plaintiff brings this action alleging pregnancy discrimination and retaliation by Defendant under Title VII of the Civil Rights Act of 1964.[2] On October 15, 2008, Plaintiff served Defendant with interrogatories and requests for production of documents.[3] On November 21, 2008, Defendant provided discovery responses and objections.[4] Defendant supplemented its discovery responses on December 30, 2008, January 20, 2009, and February 5, 2009.[5]

---

[1] Doc. No. 40.

[2] Doc. No. 2.

[3] Doc. No. 36. However, Defendant contends that Plaintiff served the discovery one day earlier on October 14, 2008. See Doc. No. 40.

[4] Doc. No. 40.

[5] *Id.* (Exhibits 1-3).

Plaintiff filed her motion to compel on January 27, 2009, alleging that Defendant's responses were incomplete and its objections were improper.[6]

## II.   DISCUSSION

### A.  Motion Untimely

In its Response,[7] Defendant contends that Plaintiff's motion is untimely because "Plaintiff filed this Motion on January 27, 2009, *four days after discovery closed*."[8] Defendant cites a Tenth Circuit case, *Thomas v. Pacificorp*,[9] in support of this argument.[10] The *Thomas* case is inapposite, however, because it involved a plaintiff serving several discovery requests after the completion of the discovery deadline. Here, Plaintiff did not serve any additional discovery after the January 23, 2009, deadline, so Plaintiff's motion to compel is timely.

### B.  Interrogatory Nos. 4, 7, 14-15, 18-19

Defendant responded to these interrogatories by directing Plaintiff to responsive documents.[11] Rule 33 of the Federal Rules of Civil Procedure provides that when a business record is involved "the responding party may answer by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."[12] Defendant's responses are valid because Defendant points Plaintiff to the pertinent business records that satisfy these requests. It appears from the

---

[6]Doc. No. 36.

[7]Doc. No. 40.

[8]*Id.* (emphasis in original).

[9]324 F.3d 1176 (10th Cir. 2003).

[10]Doc. No. 40.

[11]*Id.*

[12]Fed. R. Civ. P. 33(d)(1).

record that Plaintiff's burden of ascertaining an answer to these answers is equal to Defendant's.[13] Accordingly, Plaintiff's motion, as it relates to Interrogatory Nos. 4, 7, 14-15, and 18-19, is DENIED.

### C. Interrogatory Nos. 2, 8 and Request for Production No. 69

Defendant argues that Plaintiff's motion to compel ignores Defendant's supplemental responses.[14] Based on Defendant's Response and attached exhibits, Defendant is correct.[15] Defendant has supplemented Plaintiff's requests for this information.[16] Plaintiff's motion is DENIED with respect to Interrogatory Nos. 2 and 8 and Request for Production No. 69.

### D. Interrogatory No. 24

Plaintiff seeks the country of origin, nationality, country of citizenship, and immigration status of Michael Garwood, Plaintiff's former supervisor, while he was employed by Defendant.[17] Defendant contends, and I agree, that this request is irrelevant under Rule 26 of the Federal Rules of Civil Procedure and has no bearing on Plaintiff's allegations of gender discrimination.[18] With regard to Interrogatory No. 24, Plaintiff's motion is DENIED.

---

[13]See *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55 (D.R.I. 1981) (holding that if the burden is substantially equal, the interrogated party may properly expect the interrogating party to bear the burden).

[14]Doc. No. 40.

[15]*Id.* (Exhibits 1-3).

[16]*Id.*

[17]Doc. No. 36.

[18]Doc. No. 40.

**E. Request for Production Nos. 81-87 and 89-97**

Plaintiff's only argument with respect to these requests is "[t]he Defendant promised to supplement, and the court should so order."[19] Defendant argues that its responses are complete and sufficient because Defendant only "reserved" the right to supplement or amend them and that no guarantee was made that it would need to supplement or amend such answers.[20] Defendant claims it has not identified any additional responsive documents that fit within the scope of these requests.[21] Additionally, Defendant contends that these requests are overly broad, similar to contention interrogatories,[22] and "seek exhibits which will be provided in accordance with the Court's Scheduling Order."[23] I agree. Plaintiff's motion to compel, as to Request for Production Nos. 81-87 and 89-97, is DENIED.

**F. Interrogatory No. 22**

Interrogatory No. 22 asks whether Defendant "interviewed witnesses regarding any incidents involving gender/sex discrimination and/or retaliation asserted by the Plaintiff, from January 1, 2001, to present?"[24] Defendant's response is two-fold: (1) this information is protected by the attorney-client and work product privileges; and (2) this request is overly broad,

---

[19] Doc. No. 36.

[20] Doc. No. 40.

[21] *Id.*

[22] See *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. Kan. 2007) ("Contention interrogatories may 'ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts.'") (quoting *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996)). Defendant's Response uses the word "contingent" instead of "contention." I believe that Defendant meant to use the word "contention." See Doc. No. 40.

[23] Doc. No. 40.

[24] Doc. No. 36.

unduly burdensome, and vague. I am unpersuaded by Defendant's first argument. As to the second, however, I partly agree because Plaintiff's request "has no appropriate temporal scope . . . ."[25] Defendant's misconduct allegedly took place between October, 2006, and March, 2007.[26] With respect to Interrogatory No. 22, Plaintiff's motion is GRANTED in PART. Defendant must submit to Plaintiff this information but only from October, 2006, to the present.

### G. Request for Production No. 98

Plaintiff seeks "all documents evidencing the Defendant's compliance with EEO-1 reporting requirements from January 1, 2001, to the present."[27] Defendant argues that this request is overly broad, unduly burdensome, and beyond the scope of the Complaint.[28] Additionally, Defendant contends that Plaintiff provides no reasonable geographic or temporal restrictions.[29] Again, I partly agree with Defendant. This information may be relevant to Plaintiff's case so Plaintiff's motion is GRANTED in PART; however, Defendant need only provide information from Defendant's Conway location and from October, 2006, to the present.

### H. Interrogatory Nos. 5-6 and Request for Production No. 72

Defendant failed to respond to Plaintiff's arguments on these discovery items.[30] Therefore, this portion of Plaintiff's motion is GRANTED, and Defendant is directed to provide Plaintiff with answers to Interrogatory Nos. 5-6 and Request for Production No. 72.

---

[25] Doc. No. 40.

[26] *Id.*

[27] Doc. No. 36.

[28] Doc. No. 40.

[29] *Id.*

[30] *Id.*

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Compel Discovery Responses and Overrule Objections (Doc. No. 36) is GRANTED in PART and DENIED in PART. Defendant should comply with the directions in this Order by 5:00 p.m. on Thursday, March 5, 2009.

IT IS SO ORDERED this 19th day of February, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE