**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RELENTHIS BLAKELY**                                                                                    **PLAINTIFF**

v.                                             **4:07-CV-01064-WRW**

**SCHLUMBERGER TECHNOLOGY
CORPORATION**                                                                                          **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 39). Plaintiff has responded,[1] and Defendant has replied.[2]

Plaintiff brings this action alleging pregnancy discrimination and retaliation by Defendant, her former employer, under Title VII of the Civil Rights Act of 1964.[3] Specifically, Plaintiff alleges that her February, 2007, promotion was delayed five months because of her pregnancy, and that one vacation request made by her was initially rejected in retaliation before it was granted.[4] For the reasons set out below, Defendant's motion is GRANTED.

**I.     BACKGROUND**

The facts of this case are paraphrased below based on the parties' Undisputed Statement of Material Facts:[5]

> Defendant is a leader in the provision of oilfield services and technology to oil and gas exploration companies. In 2006, Defendant constructed its Conway, Arkansas, location to conduct wireline, drilling and measurement, and well services.

---

[1]Doc. No. 46; Doc. No. 51 (Amended Response).

[2]Doc. No. 48.

[3]Doc. No. 2.

[4]*Id.*

[5]Doc. No. 31 (Exhibit 1); Doc. No. 51 (Exhibit 1).

-1-

On June 29, 2006, Defendant hired Plaintiff to work in the Conway dispatch office. As a dispatcher, Plaintiff also performed various clerical tasks.

In the fall of 2006, Plaintiff informed her supervisor, Mr. Michael Garwood, that she was interested in assuming an accounts receivable administrative position ("admin"). Mr. Garwood agreed to promote Plaintiff when she completed the requisite training. No exact date was established with regard to Plaintiff's potential admin training.

Plaintiff and two co-workers attended an administrative meeting held in Corpus Christi, Texas, in mid-October, 2006. Neither Plaintiff nor her co-workers were promoted after attending this meeting. Upon her return, Plaintiff resumed the dispatch duties and clerical tasks she performed before the meeting.

On November 2, 2006, Plaintiff informed Mr. Garwood that she was pregnant. One week later, Plaintiff complained to Defendant's Personnel Department that Mr. Garwood was delaying her promotion.

On November 11, 2006, Mr. Garwood informed Plaintiff that she would be promoted after attending admin training in Fort Smith, Arkansas, the first week of December, 2006, through the end of January, 2007. On November 14, 2006, Ms. Tina Guthrie, the trainer in Fort Smith, requested that Plaintiff's training be delayed one week because of a vacation Ms. Guthrie had scheduled.

On December 12, 2006, Plaintiff suffered a miscarriage and requested that her training be postponed while she took a week of associated medical leave. Plaintiff began her training in Fort Smith on December 18, 2006. She completed this training on February 2, 2007, was promoted to admin, and received a raise.

On February 19, 2007, Mr. Garwood emailed his "admins" and requested they attempt to schedule non-emergency appointments mid-week. Mr. Garwood had noticed a trend to schedule doctor visits on Fridays and Mondays, essentially extending the weekend by one day. On February 27, 2007, Plaintiff requested a day off on a Friday for a doctor's visit. Mr. Garwood granted Plaintiff's request.

Plaintiff filed this action on October 29, 2007.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[6]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[8] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[9] I must view the facts in the light most favorable to the party opposing the motion.[10] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[8] *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[9] *Id.* at 728.

[10] *Id.* at 727-28.

[11] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[12] *Anderson*, 477 U.S. at 248.

### III. DISCUSSION

#### A. Pregnancy Discrimination Claim

Defendant contends that summary judgment is proper on Plaintiff's pregnancy discrimination claim because she cannot show that adverse employment action was taken against her.[13] Because Plaintiff's claim is based on indirect evidence, her claim must be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[14] Under the *McDonnell Douglas* analysis, the plaintiff must first establish a *prima facie* case of discrimination.[15] Once the plaintiff meets this initial threshold, a presumption arises that the employer "unlawfully discriminated against the employee."[16] The burden of production then shifts to the employer, who must articulate some legitimate, nondiscriminatory reason for the employment decision.[17]

The determination that a defendant has met its burden of production cannot be accomplished by assessing the credibility of the reason given by the defendant for its decision;[18] therefore, once the defendant articulates a "legitimate, nondiscriminatory reason for its decision," the presumption raised by the *prima facie* case of discrimination is rebutted and "drops from the case."[19] However, at all times in this analysis, the ultimate burden of production remains with the plaintiff.[20] Once the defendant has met its burden, the plaintiff must have "a fair opportunity

---

[13] Doc. No. 39.

[14] 411 U.S. 792 (1973).

[15] *Id.*

[16] *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

[17] *McDonnell Douglas*, 411 U.S. at 802.

[18] *Hicks,* 509 U.S. at 509.

[19] *Id.* at 507.

[20] *Id.*

to show that [the employer's] stated reasons for [the employment decision was] in fact pretext,"[21] or that the proffered reason for the employer's action was not true.[22]

In order to establish a *prima facie* case of discrimination, Plaintiff must prove (1) that she is a member of a protected class; (2) that she was qualified for the position; (3) that she suffered an adverse employment action; and (4) that she was treated differently than similarly situated non-members of her class.[23] It is undisputed that Plaintiff is a member of a protected class -- she is an African-American female -- and that she was qualified for her position.[24]

With regard to the third-prong, Plaintiff makes two arguments in opposing summary judgment: (1) that the promotion she requested and received with a raise was merely a lateral transfer; and (2) that even if she was promoted, the delay in her promotion was five months which amounts to adverse action.[25] Defendant contends Plaintiff's first argument "utterly ignores Plaintiff's sworn testimony that this admin position was one she sought, that she was promoted, and that she received a raise with the promotion."[26] Based on the evidence,[27] moving from dispatcher to admin constitutes a promotion from Grade 92 to 93 with a $1.24 an hour increase.[28]

---

[21]*McDonnell Douglas*, 411 U.S. at 804.

[22]*Hicks*, 509 U.S. at 508; *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997).

[23]*LaCroix v. Sears, Roebuck & Co.*, 240 F.3d 688, 693 (8th Cir. 2001).

[24]Defendant concedes that Plaintiff has met her burden under the first two prongs of the *McDonnell Douglas* analysis. See Doc. Nos. 39, 48.

[25]Doc. No. 51.

[26]Doc. No. 48.

[27]*Id.* (Exhibit G).

[28]Doc. No. 51.

Plaintiff's acceptance of the admin position in February, 2007, was a promotion and not a lateral transfer.

Plaintiff contends Mr. Garwood promised her a promotion on October 16, 2007, and suggests he delayed it five months.[29] Defendant points out that the alleged delay in her promotion was three and a half months, not five months.[30] Plaintiff's second argument is flawed because her "conclusory argument is further contradicted by her own admission *twice* that she had to complete training for promotion into the admin position."[31] Even assuming a delay in her promotion occurred, the Eighth Circuit has held that a temporary delay in a promotion, even with a loss of pay, does not amount to adverse employment action when it is corrected in a timely manner.[32]

It appears that Plaintiff fails to make a *prima facie* showing that she suffered an adverse employment action under the third-prong of the test. Defendant cites *Fair v. Norris*,[33] where the Eighth Circuit affirmed summary judgment on a Title VII claim for failure to promote:

> In sum, Fair sought a promotion. The ADC ultimately offered her the promotion at the advertised salary. Fair turned it down. Absent additional facts not present in the record before us, no reasonable factfinder could conclude that Fair is entitled to relief under Title VII.[34]

It seems that Plaintiff's promotion situation is almost identical to *Norris*. Plaintiff was offered the promotion she initially sought along with a pay increase. Based on the record,

---

[29] Doc. No. 46.

[30] Doc. No. 48.

[31] *Id.* (emphasis in original).

[32] See *Jackson v. United Parcel Serv., Inc.*, 548 F.3d 1137 (8th Cir. 2008); *Fair v. Norris*, 480 F.3d 865 (8th Cir. 2007); *Tatum v. City of Berkeley*, 408 F.3d 543 (8th Cir. 2005); *Carpenter v. Nw. Airlines, Inc.*, 47 Fed. Appx. 424 (8th Cir. 2002).

[33] *Fair*, 480 F.3d at 871.

[34] *Id.*

Plaintiff has not met her burden to show that she suffered an adverse employment action based for failure to promote. Accordingly, no genuine issues of material fact are in dispute and summary judgment is GRANTED on Plaintiff's pregnancy discrimination claim.

### B. Retaliation Claim

Defendant next seeks summary judgment on Plaintiff's retaliation claim.[35] To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that (1) she engaged in protected activity; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct.[36] Once a plaintiff has established a *prima facie* case, the burden of production shifts to defendant to advance a legitimate reason for the employment action. "If the employer does so, the presumption drops out and the trier of fact proceeds to decide the ultimate question," whether "the adverse employment action was motivated by intentional retaliation."[37]

Defendant concedes that Plaintiff has satisfied the first-prong of the test -- that she engaged in protective activity when she complained about Mr. Garwood to the personnel department in November, 2006;[38] however, Defendant contends that Plaintiff "cannot establish that she suffered any adverse action or that a causal link existed between the protected activity and the adverse employment decision."[39] In her Response, Plaintiff failed to oppose summary

---

[35] Doc. No. 39.

[36] *Recio v. Creighton Univ.*, 521 F.3d 934, 939 (8th Cir. 2008).

[37] *Id.* (quoting *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, 1146 (8th Cir. 2007)).

[38] Doc. No. 39.

[39] *Id.*

judgment on this issue,[40] and Defendant's argument against the alleged retaliation is well taken. As Defendant points out in its Reply, because a "plaintiff has a duty to pursue her claims at each stage in the proceedings, judgment should be either entered against Plaintiff or presumed to be entered against Plaintiff when claims asserted in the complaint are not pressed during the course of litigation."[41] I agree. Defendant's motion, as it relates to Plaintiff's retaliation claim, is GRANTED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 39) is GRANTED. This case is DISMISSED.

IT IS SO ORDERED this 5th day of March, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[40]Doc. No. 51.

[41]Doc. No. 48; See *Smith v. Amedisys, Inc.*, 298 F.3d 434, 451 (5th Cir. 2002) (holding that "because 'trial courts will not rule on claims - buried in pleadings - that go unpressed before the court,' this Court may construe parties' failure to urge their claims before the trial court as an intent to abandon those claims.") (quoting *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 705 (5th Cir. 1994)).